No. 3736.—J. J. WADE et al. v. C. C. PERCY et al.

In the trial of an injunction suit to avoid the payment of the price of a tract of land, on the ground of a stipulation in the contract that the vendor was to perfect the title before he could enforce payment of the price, parol evidence is inadmissible to show the true intent of the parties in the clause authorizing the purchaser to withhold payment of the price until the title is perfected.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Miller, J.* *Wickliffe & Fisher,* for plaintiffs and appellees. *Collins & Leake,* for defendants and appellants.

TALIAFERRO, J. The defendant Percy, holder of a promissory note, secured by mortgage given by plaintiff, Wade, in part payment of a tract of land he purchased from Percy, took out an order of seizure and sale of the land mortgaged, whereupon Wade injoined the sale on several grounds, among which is the allegation that by the contract entered into by the parties the vendee Wade was authorized to withhold payment of the price until the vendor Percy furnished his vendee a full and complete title to the land. The defendant in injunction replies that the stipulation in regard to the furnishing a full and complete title had reference alone to perfecting it in regard to some right upon the land held by one Wimbish, and which had been released. The judge *a quo* perpetuated the injunction, and the defendant in injunction has appealed. An effort was made on the part of the defendant to show by parol evidence the true intent and purpose of the parties in the stipulation that the purchaser should withhold payment of the notes until the title was perfected, but the court sustained the objection to the evidence, and we think properly.

It is charged in the answer to the injunction suit that Wade well knew that the minors had a small mortgage upon the property he purchased, and yet in their brief the counsel of defendant say "neither Wade nor Percy had any knowledge of the tacit mortgage when the sale was passed, and hence they made no agreement as to this mort-

gage." Some stress is placed upon the fact that Wade paid one of the notes and three hundred and eighty-eight dollars on the second note, and was anxious to have the extension of time to pay the remainder written on the back of the note. The defendant admits that the minors' mortgage still subsists to the extent of nine hundred and ninety-one dollars and seventy-six cents. The plaintiff does not seem to have been in bad faith. He appears to have found it difficult to meet his payments, and to have been desirous to avoid being sued and to obtain time. But this was no waiver of his right under the contract to require a full and complete title to the land before making payment. This stipulation covered as well the unknown incumbrances on the property as those which were known.

We think the judgment of the lower court correct; and it is ordered that it be affirmed with costs in both courts.